IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD J. PAYNE,

      Petitioner,                      No. CIV S-07-1710 MCE GGH P

  vs.

J.C. WALKER, et al.,

      Respondents.                    ORDER

_____/

        Petitioner, who is represented by appointed counsel, continues to make pro se filings in this matter, despite the court's order, filed on 4/22/08, cautioning him against communicating with the court except by way of his counsel. Petitioner was therein informed of the manner by which substitution of counsel might be effected and advised that, absent that, future pro se filings of petitioner will be disregarded.

        Petitioner, nevertheless, persists in disregarding this order, subsequently having filed no less than four additional letters/requests pro se (see docket entries # 30, # 31, #32, # 33). The record of petitioner's criminal trial appears to demonstrate that he has a penchant for casting random aspersions against those with any involvement in the case.

> The Court: Pursuant to 1368 the Court on its own motion expresses a doubt as to the competency of Mr. Payne. Dr. Nakagawa and Dr. Foster are appointed to examine the defendant pursuant to 1368 et. sec. of the Penal Code. . . . Criminal proceedings are suspended.

1  THE COURT: I need to make a record. The record should reflect
2  that Mr. Payne sent me a long rambling letter accusing a variety of people of misconduct or working in cahoots with one another,
3  cheating him out of his rights. I felt it was inappropriate to respond to his letter. I didn't respond to it. It's in the Court file.

4  The record should also reflect both the prosecution and Court have been put on notice by the panel that they have serious doubts about
5  the competency about Mr. Payne based on his allegations, repeated allegations concerning his investigators and his treatment. And
6  based upon his performance today and his letter and the information from the panel, I concur. Mr. Payne is no longer, it
7  appears, suitable to represent himself. We'll deal with his competency first.

8

9  Amended Petition, filed on 3/17/08, quoting Reporter's Transcript of April 27, 2008 at pp 6-8.

10  Petitioner has a statutory right to represent himself in a civil action, 28 U.S.C.

11  § 1654, but that right is not absolute.  The record in this case indicates that the action will simply

12  be paralyzed and not aided in the least by self-representation.[1]  Therefore, to the extent that

13  petitioner seeks to be permitted to proceed pro se in this matter, any such request is denied.

14  Petitioner pro se is once again cautioned to cease his serial pro se filings.  Also, once again, in

15  addition to electronically serving counsel for both parties, the Clerk is directed to serve this order

16  by U.S. Mail upon petitioner pro se, as follows: Gerald J. Payne, CDC # V-63408/ CSP-

17  Sacramento/ P.O. Box 29/Represa, CA 95671.

18  IT IS SO ORDERED.

19  DATED: 05/23/08                                 /s/ Gregory G. Hollows

20                                                                    UNITED STATES MAGISTRATE JUDGE
   GGH:009
21  payn1710.ord2

---

[1]  One of the claims of petitioner's original petition is that he was ineffective in representing himself at trial.  Petition, filed on 8/21/07, pp. 29-30.