IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD J. PAYNE,

        Petitioner,                    No. CIV S-07-1710 MCE GGH P

   vs.

J.C. WALKER, et al.,

        Respondents.               ORDER

_____/

        Petitioner, currently represented by appointed counsel, has nevertheless continued to make serial filings in this matter pro se, despite the court's orders, filed on 5/23/08, and on 4/22/08, cautioning him against doing so. In filings dated 6/24/08, 7/16/08, 8/06/08, 8/21/08, 11/26/08, 12/02/08, and 1/28/09 (docket entries # 38, # 41, # 42, # 43, # 48 through # 50), petitioner has repeatedly sought to have himself substituted in as counsel, alleging deficiencies in his current representation.[1]

        In the order, filed on 5/23/08, the court noted petitioner's persistence in disregarding the 4/22/08 order and referenced the record of petitioner's criminal trial, which the undersigned found appeared to demonstrate that petitioner has a penchant for casting random

---

[1] Petitioner has even, in a filing, dated 9/12/08, supplemented by a filing on 10/06/08 (docket # 45 & # 46), sought the intervention of the Ninth Circuit Court of Appeals, in an application which was denied. See docket # 47, filed in this court on 11/14/08.

aspersions against those with any involvement in his case. The court quoted from the Amended Petition, filed on 3/17/08, which in turn quoted the Reporter's Transcript of April 27, 2008, at pp 6-8:

> The Court: Pursuant to 1368 the Court on its own motion expresses a doubt as to the competency of Mr. Payne. Dr. Nakagawa and Dr. Foster are appointed to examine the defendant pursuant to 1368 et. sec. of the Penal Code. . . . Criminal proceedings are suspended.
>
> THE COURT: I need to make a record. The record should reflect that Mr. Payne sent me a long rambling letter accusing a variety of people of misconduct or working in cahoots with one another, cheating him out of his rights. I felt it was inappropriate to respond to his letter. I didn't respond to it. It's in the Court file.
>
> The record should also reflect both the prosecution and Court have been put on notice by the panel that they have serious doubts about the competency about Mr. Payne based on his allegations, repeated allegations concerning his investigators and his treatment. And based upon his performance today and his letter and the information from the panel, I concur. Mr. Payne is no longer, it appears, suitable to represent himself. We'll deal with his competency first.

Order, filed on 5/23/08, pp. 1-2.

This court therein also noted that while petitioner has a statutory right to represent himself in a civil action, pursuant to 28 U.S.C. § 1654, the right is not absolute and that the record of this case indicated that the action would simply become paralyzed by petitioner's self-representation, the undersigned also observing that one of the claims of the original pro se petition was that petitioner had been ineffective in representing himself at trial. Id. at 2 & n. 1. On the other hand, petitioner has evidently repeatedly asked his counsel to file a notice of substitution of counsel in this case and has decried, inter alia, the failure of his counsel to communicate with him or to file a traverse. Nor has counsel made any filings in this court from the date of the filing of the amended petition,[2] indicating any effort to address petitioner's

---

[2] Wherein, as respondent noted in the answer, counsel attempts inappropriately to simply incorporate by reference from the original pro se petition those claims unaddressed in the amended petition.

seemingly relentless grievances, whether rationally based or not.

Therefore, at this time, the court will address petitioner's repeated requests, construing them as a sufficiently brought motion for substitution of counsel and will grant the motion. However, no new counsel will be appointed and petitioner must proceed pro se. The court will also permit petitioner thirty days to file a traverse, after which this matter will be deemed submitted. Petitioner is strongly cautioned that should he continue to make additional filings other than the traverse referenced herein, he will be subjecting himself to sanctions, including the terminating sanction of dismissal of this petition. See Fed. R. Civ. P. 41(b) and Local Rule 11-110.

Accordingly, IT IS ORDERED that:

1. Petitioner's repeated requests to proceed without his present appointed counsel, J. Toney, are construed as an adequately brought motion for substitution of counsel, and, as such, the motion is granted;

2. No new counsel will be substituted in for petitioner and he must proceed in this matter pro se;

3. Petitioner pro se is granted thirty days from the date of this order to file a traverse, after which this matter will be deemed submitted;

4. Should petitioner make any subsequent filings in this petition beyond the traverse filed pro se, he will be subject to sanctions, including the sanction dismissal of this action, for his repeated failure to comply with court orders; see Fed. R. Civ. P. 41(b), L. R. 11-110;

5. The Clerk of the Court is to note in the docket of this case that petitioner now proceeds in this matter pro se and the representation of petitioner by Attorney J. Toney is hereby terminated;

\\\\\
\\\\\
\\\\\

6. This order must be served electronically upon respondent's counsel, as well as upon J. Toney, and upon petitioner pro se by U.S. Mail, as follows: Gerald J. Payne, CDC # V-63408/ CSP-Sacramento/ P.O. Box 29/Represa, CA 95671.

DATED: April 8, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
payn1710.ord3